LAW OFFICES OF ROBERT L. TARVER, JR.
66 South Main Street
Toms River, New Jersey 08757
Tel: (732) 341-2152
Robert L. Tarver, Jr.
Attorney for Plaintiff
RT (0472)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| STEPHEN P. SAVINO, | : | |
| | : | Civil Action No. |
| Plaintiff, | : | |
| v. | : | *Civil Action* |
| | : | |
| BOROUGH OF BELMAR; DETECTIVE MICHAEL YEE; PTL. PHILIP BOHRMAN; PTL. MICHAEL R. ALLEN; POLICE CHIEF ANDREW HUISMAN; JOHN AND JANE DOES 1-10; | : | **COMPLAINT AND JURY DEMAND** |
| Defendants. | : | |

Plaintiff Stephen P. Savino, by way of Complaint against the Defendants, says:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983. This Court has jurisdiction over Plaintiff's federal civil rights claims pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred in this District.

4. The causes of action alleged, seek to redress the deprivation, under the color of state law, policy and custom, of rights secured by the United States Constitution, the New Jersey Constitution, and the statutory and common laws of the state of New Jersey, and to recover damages, costs, and attorney fees under 42 U.S.C. §§ 1983, 1985(1), (2), (3) and 1988.

5. The acts, omissions and conspiracies alleged in this complaint were engaged in and carried out by all defendants individually and under color of state law and/or agents, employees and co-conspirators and the Ocean County Department of Corrections, by and through their employees, agents, officials and co-conspirators pursuant to governmental policy, practice, and custom and under color of law.

**PARTIES**

6. Plaintiff Stephen P. Savino (hereinafter "Plaintiff") is a resident of the City of Cranford in Union County, State of New Jersey.

7. Defendant, Borough of Belmar (hereinafter "Belmar"), is a municipality within the State of New Jersey and, at all times relevant to the allegations of this Complaint, was the employer of the individual defendants.

8. At all times relevant to the allegations of this Complaint, Defendant Andrew Huisman (hereinafter "Huisman") served as Police Chief for Defendant Belmar and was the primary official responsible for the training, discipline, and supervision of its police officers including, without limitation, Defendants Detective Michael Yee (hereinafter "Yee"), Ptl. Philip Bohrman (hereinafter "Bohrman") and Ptl. Michael R. Allen (hereinafter "Allen"). He is sued in his official and individual capacity.

9. At all times relevant to the allegations of this Complaint, Defendant Yee was a police

officer employed by Defendant Belmar and acted in the course of his employment and/or under color of state law. He is sued in his official and individual capacity.

10. At all times relevant to the allegations of this Complaint, Defendant Bohrman was a police

officer employed by Defendant Belmar and acted in the course of his employment and/or under color of state law. He is sued in his official and individual capacity.

11. At all times relevant to the allegations of this Complaint, Defendant Allen was a police officer employed by Defendant Belmar and acted in the course of his employment and/or under color of state law. He is sued in his official and individual capacity.

12. At all times relevant to the allegations of this Complaint, Defendants John and Jane Does 1-10 were police officers employed by Defendant Belmar and acted in the course of their mployment and/or under color of state law. They are sued in their official and individual capacities.

## FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

13. On July 6, 2019, at approximately 10:30 p.m., Plaintiff Savino and a group of friends were waiting in line as a patron attempting to gain entrance into Bar Anticipation (hereinafter "Bar A"), located at 703 Sixteenth Avenue, Lake Como, New Jersey.

14. Plaintiff's companions were ahead of Plaintiff in line and were offered admission into the bar while Plaintiff Savino offered the Bar A bouncer admitting patrons entrance to the bar a valid 'probationary' New Jersey drivers license.

15. The Bar A the bouncer denied Plaintiff admission to the establishment on the basis of the probationary license after which Plaintiff sought to provide the bouncer with additional forms of identification. The Bar A employee removed Plaintiff from the line and placed a roped barrier between he and Plaintiff while Plaintiff asked what form of identification the employee would accept.

16. At this time, Defendants Yee, Bohrman, Allen, and/or John Does 1-1 were on uniformed post outside of Bar A.

17. Without provocation from any Bar A employee, Defendants Yee, Bohrman, Allem and/or John Does 1-10 moved to Plaintiff's location and began to physically remove him from the property.

18. When Plaintiff asked why Defendant Yee was touching him, Defendant Yee forcefully pulled Plaintiff to the ground and Defendant Yee and another officer began kicking, punching and physically assaulting Plaintiff.

19. Plaintiff attempted to protect his head and face from the brutal and unwarranted attack, to which Defendant's screamed "stop resisting!"

20. Defendant's, after violently beating and handcuffing Plaintiff, escorted Plaintiff to a marked cruiser for transport to the police department. Plaintiff attempted to determine why he was being arrested and after asking several times what crime he had committed and why he was being arrested, Defendant Yee raised Plaintiff's cuffed hands above Plaintiff's head forcefully and threatened to break Plaintiff's arms if Plaintiff continued asking questions.

21. Plaintiff was shoved into the police cruiser and transported to the police department, during which time he was never advised of his rights or why he was being detained or arrested.

22. Once Plaintiff arrived at the police station, Plaintiff continued to determine why he was being arrested, at which time, a uniformed officer placed Plaintiff in a choke hold, walked him to an open room and threw Plaintiff head first to the ground, causing Plaintiff to violently smash into said ground face first.

23. It wasn't until several brutal assaults and extensive time had passed that Plaintiff learned of his charges.

## **FEDERAL THEORIES OF RECOVERY**
## **COUNT I- 42 U.S.C. § 1983**

24. The previous paragraphs are incorporated herein inclusively as if fully set forth.

25. The Fourth Amendment prohibits law enforcement from using excessive force on citizens.

26. As a direct and proximate cause of the actions of Defendants, individually and jointly, Plaintiff suffered the following injury and damages:

    a. Violation of his constitutional rights under the Eighth, and Fourteenth Amendments to the United States Constitution and the laws of the State of New Jersey to be free in his person from unreasonable and unjustified force;

    b. Physical pain and suffering, and emotional trauma and suffering.

27. Plaintiff claims damages under 42 U.S.C.§1983 for the injury set forth above against Defendants for their violation of the clearly established and well settled federal constitutional rights of Plaintiff.

28. The actions of Defendants Yee, Bohrman, Allen and/or John Does 1-10 as outlined above, constitute excessive and objectively unreasonable use of force under the circumstances.

29. As a direct and proximate result of the above-referenced unlawful and malicious physical abuse of Plaintiff Savino by Defendants Yee, Bohrman, Allen, and/or John Does 1-10 committed under color of state law, Plaintiff sustained bodily harm and was deprived of his right to be secure in his person against unreasonable seizure of his person, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and U.S.C. Section 1983.

30. As a direct and proximate cause of the conduct of Defendants Yee, Bohrman, Allen, and/or John Does 1-10 as set forth above, Plaintiff suffered bodily and emotional injuries; lost wages, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE,** Plaintiff Stephen P. Savino demands judgment against Defendants Yee, Bohrman, Allen, Huisman and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

### COUNT II 42 U.S.C. § 1983
### UNLAWFUL POLICY OR CUSTOM
### FAILURE TO TRAIN, SUPERVISE AND DISCIPLINE
### *MONELL* CLAIM AGAINST BOROUGH OF BELMAR

31. Plaintiff hereby incorporates the preceding paragraphs of this Complaint, as set forth above.

32. Defendants Belmar, Huisman, and/or John Does 1-10 are vested by state law with the authority to make policy on: (1) the use of force; internal affairs investigations and/or administrative reviews pursuant to the Belmar Police Department policies, practices and/or customs and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines; (2) effectuating arrests; (3) police citizen encounters, and/or (4) disciplining officers.

6

33. Defendants Huisman and/or John Does 1-10 are responsible for training Police Officers in the use of force and/or were officers in charge when Plaintiff was assaulted and arrested.

34. At all times mentioned herein, Defendants Yee, Bohrman, Allen and/or John Does 1-10, as police officers, agents, servants and/or employees of Defendant Belmar, were acting under the direction and control of Defendants Belmar, Huisman and/or John Does 1-10, and were acting pursuant to the official policy, practice or custom of the Belmar Police Department.

35. Acting under color of law pursuant to official policy, practice, or custom, Defendants Belmar, Huisman and/or John Does 1-10 intentionally, knowingly, recklessly and/or with deliberate indifference failed to train, instruct, supervise, control, and discipline on a continuing basis, Defendants Yee, Bohrman, Allen and/or John Does 1-10 in their duties to refrain from: (1) unlawfully and maliciously assaulting, arresting and harassing citizens; (2) intentionally, recklessly and/or negligently misrepresenting the facts of arrests and/or other police-citizen encounters; (3) falsifying police and/or other official records; (4) withholding and/or mishandling evidence; (5) making false arrests, and/or (6) using unreasonable and excessive force.

36. Acting under color of law pursuant to official policy, practice, or custom, Defendants Belmar, Huisman and/or John Does 1-10 intentionally, knowingly, recklessly and/or with deliberate indifference implemented and/or conducted superficial and shallow Internal Affairs processes which ignored evidence and patterns of police misconduct on individual and departmental levels. Defendants Belmar, Huisman and/or John Does 1-10 failed to professionally, objectively and/or expeditiously investigate instances and patterns of police misconduct in violation of the spirit and substance of the New Jersey Attorney General's Guidelines for the Use of Force and Internal Affairs Policy and Procedures.

37. Defendants Belmar, Huisman and/or John Does 1-10 failed to adequately track departmental excessive force complaints, administrative complaints and/or use of force incidents in violation of Belmar Police Department policies, practices, customs and/or guidelines and/or the New Jersey Attorney General's Use of Force and/or Internal Affairs Guidelines, and/or failed to discipline officers for such violations.

38. Defendants Belmar, Huisman and/or John Does 1- 10 were aware of numerous similar police citizen encounters involving, and/or Internal Affairs complaints and/or civil lawsuits filed against Defendants Yee, Bohrman, Allen and/or John Does 1-10 and/or other Belmar police officers, where they customarily and frequently subjected citizens held in custody to physical and mental abuse; unlawfully and maliciously assaulted, arrested and harassed citizens; intentionally, recklessly and/or negligently misrepresented the facts of arrests and/or other police-citizen encounters; falsified police and/or other official records; made false arrests, mishandled and/or withheld evidence and/or used unreasonable and excessive force on citizens/arrestees.

39. Despite their awareness, Defendants Belmar, Huisman and/or John Does 1-10 failed to employ any type of corrective or disciplinary measures against Defendants Yee, Bohrman, Allen and/or John Does 1-10 and/or other Belmar police officers.

40. Defendants Belmar, Huisman and/or John Does 1-10 had knowledge of, or, had they diligently exercised their duties to instruct, train, supervise, control, and discipline Defendants Yee, Bohrman, Allen and/or John Does 1-10 on a continuing basis, should have had knowledge that the wrongs which were done, as heretofore alleged, were about to be committed.

41. Defendants Belmar, Huisman and/or John Does 1-10 had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and intentionally, knowingly, recklessly and/or with deliberate indifference failed to do so.

42. Defendants Belmar, Huisman and/or John Does 1-10, directly or indirectly, under color of state law, approved and/or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendants Yee, Bohrman, Allen and/or John Does 1-10 heretofore described.

43. Defendant Borough of Belmar has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of protecting inmates from unreasonable and unjustified physical pain and suffering, and emotional trauma and suffering, under the Fourteenth Amendment to the United States Constitution.

44. Plaintiff claims damages under 42 U.S.C. §1983, for the injuries set forth above against Defendant Borough of Belmar for its violation of the clearly established and well settled federal constitutional rights of Plaintiff.

45. As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff wwas deprived of his Fourth and Fourteenth Amendment constitutional rights; sustained bodily and emotional injuries; lost wages, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE,** Plaintiff Stephen P. Savino demands judgment against Defendant Borough of Belmar on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

## COUNT III 42 U.S.C. §1983
## FAILURE TO INTERVENE

46. The previous paragraphs are incorporated herein inclusively as if fully set forth.

47. Defendants Yee, Bohrman, Allen, and/or John Does 1-10 were Belmar Police Officers and at all times mentioned herein were acting under color of state law.

48. Defendants Yee, Bohrman, Allen, and/or John Does 1-10 had a duty to intervene in the unjustified assault and arrest of Plaintiff by Defendants Yee, Bohrman, Allen and John Does 1-10.

49. The unjustified assault and arrest of Plaintiff by Defendants Yee, Bohrman, Allen, and/or John Does 1-10 deprived Plaintiff of his right to be secure in their persons against unreasonable seizure in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and made actionable through 42 U.S.C. Section 1983.

50. Defendants Yee, Bohrman, Allen and/or John Does 1-10 had a reasonable opportunity to intervene in the unjustified arrest and assault of Plaintiff by co-Defendants and failed to intervene.

51. As a direct and proximate cause of conduct of Defendants set forth above, Plaintiff was deprived of his constitutional rights; sustained bodily and emotional injuries; lost wages, and will suffer additional special damages in the future in an amount which cannot yet be determined.

**WHEREFORE,** Plaintiff Stephen P. Savino demands judgment against Defendants Yee, Bohrman, Allen, Huisman and/or John Does 1-10 on this Count together with compensatory and punitive damages, attorney's fees, interest and costs of suit incurred and for any such further relief as the court deems proper and just.

## AMOUNT OF DAMAGES

## PRAYER

**WHEREFORE**, Plaintiff demands the following relief:

1. Compensatory damages;

2. Punitive damages;

3. Attorney's fees;

4. An award of plaintiff's costs of suit.

5. All other relief that is appropriate under the circumstances.

                                  LAW OFFICES OF ROBERT L. TARVER, JR.

                                  By: _s/Robert L. Tarver, Jr._____
                                      Robert L. Tarver, Jr., Esq.
                                      Attorney for Plaintiff

Dated:     October 28, 2020

## JURY DEMAND

The Plaintiff demands a trial by jury on all issues so triable.

                                  LAW OFFICES OF ROBERT L. TARVER, JR.

                                  Attorneys for Plaintiff

                                  By: s/Robert L. Tarver, Jr._____
                                  Robert L. Tarver, Jr. Esq.
                                  Attorney for Plaintiff

Dated:     October 28, 2020

## **CERTIFICATION**

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative hearing.

                                                        LAW OFFICES OF ROBERT L. TARVER, JR.

                                                        By: s/Robert L. Tarver, Jr.

                                                        Robert L. Tarver, Jr., Esq.
                                                        Attorney for Plaintiff

Dated:       October 28, 2020