# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN P. SAVINO,<br><br>       *Plaintiff*,<br><br>v.<br><br>BOROUGH OF BELMAR; DETECTIVE MICHAEL YEE; PTL. PHILIP BOHRMAN; PTL. MICHAEL R. ALLEN; POLICE CHIEF ANDREW HUISMAN; JOHN AND JANE DOES 1-10,<br><br>       *Defendants*. | Civil Action No.<br>3:21-cv-12875-PGS-TJB<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Defendants' Motion for Summary Judgment (ECF No. 14). At a telephone conference held on November 29, 2023, Plaintiff's counsel represented that he failed to file a reply to this motion because of a medical condition. After a conference with the parties, the Court extended the time to reply to the Motion for Summary Judgment. Plaintiff filed his opposition on December 8, 2023. Defendants filed their reply on December 22, 2023. Oral argument was held on January 8, 2024. During this briefing, several discovery disputes arose—one of which raised material disputes of fact.

For the reasons below, this motion is **DENIED without prejudice**.

1

# I.

The following facts are undisputed. On July 6, 2019 at approximately 10:30 p.m., Plaintiff Stephen P. Savino ("Plaintiff") and several friends were waiting in line to enter Bar Anticipation, a bar located in Lake Como, New Jersey. (ECF No. 29-1 at ¶ 1). Plaintiff's friends were permitted entry into Bar Anticipation, while Plaintiff—who only had a probationary New Jersey Driver's license at the time— sought to provide the bouncer with additional forms of identification. (*Id.* at ¶ 2). The bouncer removed Plaintiff from line and placed a rope barrier between the Plaintiff and himself. (*Id.* at ¶ 3).

Meanwhile, Officers Yee, Bohrman, Allen and/or John Does 1-10 were standing on uniformed post outside of Bar Anticipation, as Bar Anticipation is contracted with the Borough of Belmar to handle "quality of life issues that happen outside the bars." (ECF No. 14-13 at T14:25).

After this point in the evening, the parties' accounts diverge. Allegedly without encouragement from any bar employee, Defendants Yee, Bohrman, Allen, and/or John Does 1-10 moved toward Plaintiff and physically began to remove him from the property. (*See* ECF No. 29-1 at ¶ 4). Whether or not Plaintiff and Defendants interacted prior to this removal is disputed. After Defendants attempted to remove Plaintiff, Plaintiff proceeded to protest being touched. At that point, Defendant Yee "forcefully pulled Plaintiff to the ground and Defendant Yee and

another officer began kicking, punching and physically assaulting Plaintiff." (*See* ECF No. 29-1 at ¶ 5). Plaintiff attempted to shield his head and face from the blows, and a defendant screamed "stop resisting." (ECF No. 1 at ¶ 19; ECF No. 29-1 at ¶ 25). Plaintiff was then escorted to a marked police car for transportation to the police department. Plaintiff pleads that he attempted to determine why he was being arrested several times by asking what crime he had committed. (ECF No. 29-1 at ¶ 27). At that point, Plaintiff pleads that Defendant Yee raised Plaintiff's cuffed hands above his head and threatened to break Plaintiff's arms if Plaintiff continued asking questions. (ECF No. 29-1 at ¶ 6). When they arrived at the police station, Plaintiff asserts that an unidentified officer placed Plaintiff in a choke hold, walked him to an open room, and threw Plaintiff headfirst to the ground, causing Plaintiff to violently smash into the ground face first. (ECF No. 29-1 at ¶ 7).

Plaintiff filed this Complaint on three bases of liability: an excessive force claim against Defendants Yee, Bohrman and Allen under 42 U.S.C. § 1983; several *Monell* claims against Defendants Borough of Belmar and Police Chief Andrew Husiman; and a failure to intervene claim against Defendants Yee, Allen, and Bohrman pursuant to 42 U.S.C. § 1983.

## II.

A motion for summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is 'genuine' if the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Razak v. Uber Techs., Inc.*, 951 F.3d 137, 144 (3d Cir. 2020), *amended by*, 979 F.3d 192 (3d Cir. 2020) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "A factual dispute is 'material' if it 'might affect the outcome of the suit under the governing law.'" *Id.* "The Court must view the facts and evidence presented on the motion in the light most favorable to the nonmoving party." *Id.* (quoting *Anderson*, 477 U.S. at 255). Moreover, summary judgment "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

"When the moving party has the burden of proof at trial, that party must show affirmatively the absence of a genuine issue of material fact: it . . . must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *Wasserman v. Bressman*, 327 F.3d 229, 238 (3d Cir. 2003) (internal marks omitted). Where the moving party bears the burden of proof, the evidence presented in support of summary judgment must be "credible." *Id.* at 237. "Once a moving party with the burden of proof makes such an affirmative showing, it is entitled to summary judgment unless the non-moving party comes forward with probative evidence that would demonstrate the existence of a triable issue of fact." *Id.* at 238.

4

III.

### a. *The Michael Palumbo Certification*

Plaintiff appended to his Opposition a Certification from Michael Palumbo ("Mr. Palumbo"). (ECF No. 29-3). Mr. Palumbo was with Plaintiff and another individual, Carlos Riccio ("Mr. Riccio"), on the night of the events underlying the Complaint. This Certification is dated September 12, 2023 and raises new facts and claims not previously pled. Specifically, the Certification identifies a previously unidentified Defendant who allegedly struck Plaintiff over the head during Plaintiff's arrest. The Certification states that Mr. Palumbo is "able to identify that [the] officer who struck [Plaintiff] in the head [w]as Philip Bohrman." (ECF No. 29-3 at 2). Defendants object to the admissibility of this Certification, stating that "[o]n October 5, 2022, Discovery in this matter was set to be completed by March 15, 2023. At no point in time has the Plaintiff requested the Court extend discovery through a later date." (ECF No. 30 at 2). Defendants further claim that "[n]ot once through the close of Discovery did the Plaintiff or his Counsel ever advise that he obtained a statement from Michael Palumbo that Michael Palumbo identified Officer Bohrman based off a linked in photo to confirm he was the alleged officer who struck the Plaintiff one time over the head." (ECF No. 30 at 3). On the other hand, at oral argument, Plaintiff's Counsel represented that Defendants were aware of Mr. Palumbo's testimony given representations that had been made to

Defendants in the initial disclosures following the Rule 26(a)(1) conference. Given the disputes of material fact raised by this Certification, summary judgment is denied.

In her October 5, 2022 Order, Judge Bongiovanni stated that "all fact depositions, shall be completed by October 31, 2022 . . . all fact discovery including deposition of experts shall be completed by March 15, 2023." (ECF No. 9). This Certification, dated on September 12, 2023, is dated nearly six months after the close of discovery in this matter. While the Court did find in Plaintiff's Answers to the Interrogatories that Plaintiff identified Mr. Palumbo as an eyewitness with an interest in the lawsuit to "act as a witness and testify" and as a person with knowledge of the facts of the case, (ECF No. 14-6 at ¶¶ 7–8), the Court is otherwise unable to verify whether Plaintiff disclosed the existence of this Certification during initial disclosures. However, given the fact that the Certification is dated in September 2023—around six months after discovery's close—the Court believes it is unlikely that Defendants had knowledge of this Certification before discovery's close.

The Court is unable to evaluate the merits of the arguments raised in the Motion for Summary Judgment given that there are material disputes of fact still before the Court. A dispute is genuine for purposes of summary judgment if a trier-of-fact could find in favor of the nonmovant; it is material if it could affect the outcome of

the case. Fed. R. Civ. P. 56(a). Here, the dispute is undoubtedly material since the dispute surrounds a Certification which purports to identify a previously unidentified assailant for the first time in this matter. The identification of this assailant arguably implicates all three of Plaintiff's claims. Given that this Certification has a direct bearing on the outcome of this matter, the Court remands the issue back to Judge Bongiovanni to evaluate whether this Certification was properly disclosed, and to determine other relief.

### b. *The "Force Reports"*

Plaintiff also appended so-called "Force Reports" to his Opposition. (*See* ECF Nos. 29-6, 29-7). Although the inclusion of the Force Reports to the Opposition is not dispositive to the Court's decision to deny summary judgment, the Court takes this opportunity to instruct the parties regarding this piece of evidence.

Plaintiff alleges that these Force Reports are reports from a news outlet "studying New Jersey Police Departments statewide between 2012 and 2016." The Force Reports found that "Belmar's Police Department had a 57.2 Force Rate Average next to a 30.5 Statewide Average Rate. Sporting the second highest number of incidents was Yee, at 18." (ECF No. 29 at 30). At oral argument, Plaintiff's Counsel represented that the Force Reports were from a publicly available report published by a news outlet in New Jersey. After referring to this

data source with little introduction or explanation and appending it to his Opposition, Plaintiff claims that a Force Report shows that the Belmar Police Department had a high Force Rate Average compared next to Force Rate Average of the State of New Jersey overall. (ECF No. 29 at 29). At oral argument, Defendants stated that these documents are expert reports not previously disclosed to the Defendants.

The Force Reports appended to Plaintiff's Opposition refer to the *NJ.com Force Report Project*, which is "a 16-month investigation by NJ Advance Media" that "found New Jersey's system for tracking police force is broken, with no statewide collection or analysis of data, little oversight by state officials and no standard practices among local departments. Nearly three dozen reporters, editors, photographers and designers brought the project to life." *About the Project*, NJ.COM FORCE REPORT, https://perma.cc/Q5C2-R759 (last visited Jan. 17, 2024).

Although this matter is not dispositive to the Court's decision, the Court harbors concerns surrounding the reliability of these reports in future proceedings. And while the Court recognizes that the utility of these reports to a summary judgment motion is one question, whether these reports are admissible at trial is another pressing question best addressed on a motion in limine.

An appropriate order follows.

## **ORDER**

Having considered the briefs and arguments of the parties and for good cause shown, for all of the foregoing reasons,

**IT IS** on this 31st day of **January, 2024**,

**ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 14) is **DENIED without prejudice.**

_____
PETER G. SHERIDAN, U.S.D.J.